UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BENJAMIN HILLESHEIM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-04919-SEB-MPB |
| | ) | |
| ANDYMARK, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS**

This cause is before the Court on Defendant's Partial Motion to Dismiss [Docket No. 10], filed on January 9, 2020 pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Benjamin Hillesheim has brought this action against Defendant AndyMark, Inc. ("AndyMark") under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, alleging that he was terminated because of his disability and retaliated against after he engaged in statutorily protected activity. In addition, Mr. Hillesheim asserts pendent state law claims for breach of contract, promissory estoppel, and intentional infliction of emotional distress. AndyMark has moved to dismiss the three claims brought under Indiana law. For the reasons detailed below, we GRANT Defendant's Partial Motion to Dismiss.

**Factual Background**

Mr. Hillesheim was hired by AndyMark in February 2017 as the Director of Accounting. Throughout his employment with AndyMark, Mr. Hillesheim also "oversaw

1

human resource functionality" until his termination on June 5, 2019. Compl. ¶¶ 11, 17. Although AndyMark maintains that Mr. Hillesheim was terminated purportedly for unmet performance expectations, he alleges that at all times relevant to this action he met or exceeded his employer's performance expectations. *Id.* ¶¶ 12, 17. Mr. Hillesheim claims that the real reason he was fired was because he is a recovering alcoholic. *Id.* ¶¶ 14, 30. Mr. Hillesheim alleges his supervisor and family member, Andy Baker, was aware of his disability and discriminated against him on that basis, *Id.* ¶¶ 15, 30, treating him differently than other employees who were not recovering alcoholics. That is the basis of his disparate treatment claim against his former employer under the ADA. In addition, Mr. Hillesheim alleges retaliation under the ADA for actions AndyMark allegedly took after his termination. *Id.* ¶¶ 37-39.

Mr. Hillesheim's state law claims for breach of contract, promissory estoppel, and intentional infliction of emotional distress stem primarily from his June 5, 2019 termination meeting, during which he recounts "both Andy Baker and Mary Baker verbally promised to pay Hillesheim i) his salary through the remainder of the work week and ii) his accrued but unused sick time." *Id.* ¶ 22. Mr. Hillesheim ultimately was never paid what he claims he was entitled to, either his salary for the remainder of the workweek or his accrued sick time. *Id.* ¶ 28.

Mr. Hillesheim also seeks compensation for two unused "comp days" he accrued for volunteer work he performed on behalf of Defendant. *Id.* ¶ 23. It is allegedly AndyMark's custom and practice to compensate its employees for comp days and, based

on his knowledge of that practice, coupled with the promises allegedly made by Defendant at the June 5 meeting, Mr. Hillesheim believes he should be compensated for that time. *Id.* ¶ 24.

Mr. Hillesheim also alleges that AndyMark's policies and practices of compensating its employees for their accrued but unused comp days, combined with the promises made to him at the June 5 termination meeting, constitute a legally binding contract formed "with sufficient consideration." *Id.* ¶¶ 42-43. He alleges that Defendant intentionally breached this agreement when, in retaliation for his having taken actions protected by the ADA, it failed to pay him his salary through the end of the week or his accrued but unused sick time and comp days. *Id.* ¶ 44.

Alternatively, Mr. Hillesheim contends that AndyMark is "barred by the doctrine of promissory estoppel from refusing to honor its promises of payouts." *Id.* ¶ 52. He argues that Defendant should reasonably have expected him to believe he would be compensated based on the promises made to him at the June 5 meeting as well as his knowledge of Defendant's customary practice of compensating its terminated employees for unused sick and comp time. *Id.* ¶ 48. Mr. Hillesheim states he "was relying on the payouts to cover his living expenses until his unemployment compensation kicked-in," *Id.* ¶ 49, but AndyMark broke its promises by not paying him.

Finally, Mr. Hillesheim asserts that AndyMark's intentional termination of his employment—despite the fact that Mr. Baker knew of his disability—constitutes extreme and outrageous conduct under Indiana law. *Id.* ¶ 54. Mr. Hillesheim claims that

3

Defendant, "(his) own family member," singled him out and discriminated and retaliated against him; revoked his means of earning a livelihood; refused to honor the parties' verbal contract; challenged his unemployment claim; and "made material misrepresentations to the unemployment representatives, all for the purpose of completely cutting off Hillesheim's much-needed income stream." *Id.* ¶ 55. This conduct, he says, caused him severe emotional distress. *Id.* ¶ 56.

Defendant has moved to dismiss Mr. Hillesheim's three state law claims on the grounds that: (1) Plaintiff's breach of contract claim fails for lack of consideration; (2) Plaintiff's promissory estoppel claim fails for lack of detriment in reliance on any alleged promises; and (3) Plaintiff's intentional infliction of emotional distress claim fails because Defendant's alleged conduct was not sufficiently extreme or outrageous to support that claim as a matter of law.  For the reasons stated below after careful review, we agree with Defendant and shall dismiss Plaintiff's state law claims.

## Legal Analysis

### I. Standard of Review

Defendant has filed its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). When considering whether a plaintiff has failed to state a claim upon which relief can be granted, the Court accepts as true all well-pled factual allegations in the complaint and draws all ensuing inferences in favor of the non-movant. *Lake v. Neal*, 585 F.3d 1059, 1060 (7th Cir. 2009). Nevertheless, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007); *see* FED. R. CIV. P. 8(a)(2). While the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014), the claim asserted must still be "legally cognizable." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). If the factual allegations of the complaint, taken as true, do not support a legally cognizable claim for relief, the Court will grant dismissal. *See id.*

## II.    Discussion

### A.    Breach of Contract

We turn first to address Mr. Hillesheim's breach of contract claim. Whether the alleged oral contract here is viewed as a modification of Mr. Hillesheim's previous employment contract or an entirely new contract, it must be supported by consideration in order to be enforceable. *See Shanks v. Fisher*, 130 N.E.2d 402, 411 (Ind. Ct. App. 1955); *see also Wilson v. Montgomery Ward & Co., Inc.*, 610 F. Supp. 1035, 1041 (N.D. Ind. 1985) (citing *Economy Leasing Co., Ltd. v. Wood*, 427 N.E.2d 483, 487 (Ind. App. 1981) ("A contract, whether oral or written, requires . . . consideration.")). While the determination of whether consideration *is given* is a question of fact for the jury, the determination of whether consideration *exists* is a question of law for the court. *Ind. Dep't of State Revenue v. Belterra Resort Ind., LLC,* 935 N.E.2d 174, 179 (Ct. App. Ind. 2010), *reh'g granted on other grounds*, 942 N.E.2d 796 (Ct. App. Ind. 2011) (citations omitted).

Defendant asserts that, assuming as the court must at this stage of the litigation, the facts alleged by Mr. Hillesheim are true, no consideration existed upon which to enforce the contract as described by Plaintiff. Plaintiff rejoins that detriment to a promisee can serve as consideration for a contract, *Herrera v. Collection Service, Inc.*, 441 N.E.2d 981, 984 (Ind. Ct. App. 1981) (citation omitted), citing as such detriment the results of his termination when he was forced to forego necessary medical and mental health appointments and to incur substantial debt. Plaintiff further invokes the principle of law that relieves courts from inquiring into the adequacy of consideration, *Harrison–Floyd Farm Bureau Co-op. Ass'n, Inc. v. Reed*, 546 N.E.2d 855, 857 (Ind. Ct. App. 1989) (citation omitted). This detriment, he maintains, compels a finding of consideration for the contractual agreements he seeks to enforce.

Our analysis does not reveal any such detriment, however, at least none which can serve as consideration for a contract. Therefore, Plaintiff's breach of contract claim cannot survive.

A detriment is a legal right the promisee has forborne. *Ind. Dep't of State Revenue v. Belterra Resort Ind., LLC*, 935 N.E.2d at 179 (citation omitted). Put another way, "[t]he doing of an act by one at the request of another which may be a detrimental inconvenience, however slight, to the party doing it or may be a benefit, however slight, to the party at whose request it is performed, is legal consideration for a promise by such requesting party." *Herrera*, 441 N.E.2d at 984 (quoting *Mullen v. Hawkins*, 40 N.E. 797, 798 (Ind. 1895)). The allegations in the Complaint do not specify the legal right Plaintiff

has allegedly forborne that would serve as consideration for the alleged contract. There is no claim that Plaintiff agreed to perform, or refrained from performing, any act in order to secure Defendant's promise to pay, nor did Defendant request that Plaintiff take or not take any action.

In his response brief, Plaintiff references his termination, his having to forgo necessary medical and mental health appointments, and his incurring substantial debts citing these as detriments sufficient to constitute consideration for the alleged agreement. Nothing is alleged regarding a request by Defendant that Plaintiff forgo his treatments or take any other action in exchange for the compensation Plaintiff believes he is entitled to. Similarly, Plaintiff has not alleged that he refrained from seeking treatment in order to secure the compensation from Defendant to which he believes he is entitled. Stated otherwise, there was no exchange between the parties as to any of these matters, nor was there an obligation created.[1] *See McCalment v. Eli Lilly & Co.*, 860 N.E.2d 884, 895 (Ind. Ct. App. 2007) (holding that oral statements did not constitute a contract where plaintiff "was not obligated to perform anything or refrain from doing something"). Thus, no consideration underlay the promises Defendant allegedly made following Plaintiff's termination. At best, the promises cited here by Plaintiff were made as consideration for

---

[1] The present case is unlike cases in which forbearance was held to be sufficient consideration. For example, in *Harrison–Floyd Farm Bureau*, the court held that sufficient consideration existed for the execution of a promissory note when the promisee agreed to withhold "commencing legal action to collect upon the unpaid balance in the open account, agreed to forebear any collection activity on the note for two years, and reduced the interest rate charged from 21% to 12% per year." 546 N.E.2d at 857. Here, Plaintiff did not offer to forgo his treatment, or anything else for that matter, "in exchange for" compensation from Defendant.

the services Plaintiff rendered during his term of employment. As such, they would be past consideration, which under Indiana law is not sufficient to support a contractual obligation. *See Jackson v. Luellen Farms, Inc.*, 877 N.E.2d 848, 859 (Ind. Ct. App. 2007); *Brown v. Addington*, 52 N.E.2d 640, 642 (Ct. App. Ind. 1944).

While it is true that courts in making these determinations do not inquire into the adequacy of consideration, some bargained-for consideration remains a requirement of an enforceable contract. Here, because Plaintiff has not alleged any benefit or detriment which was bargained for, there is nothing that serves as consideration as a matter of law. Therefore, Plaintiff's breach of contract claim must and will be dismissed.

### B. Promissory Estoppel

We turn next to Mr. Hillesheim's promissory estoppel claim. Even in the absence of a contract, a defendant in some instances may still be required to uphold promises made to a plaintiff under the doctrine of promissory estoppel. *First Nat. Bank of Logansport v. Logan Mfg. Co., Inc.*, 577 N.E.2d 949, 954 (Ind. 1991). Under Indiana law, there are five elements of a promissory estoppel claim: "(1) a promise by the promisor (2) made with the expectation that the promisee will rely thereon (3) which induces reasonable reliance by the promisee (4) of a definite and substantial nature and (5) injustice can be avoided only by enforcement of the promise." *Id.*[2] Here, Defendant

---

[2] In some cases, Indiana courts have applied the following definition of promissory estoppel set forth in Section 90 of the Restatement of Contracts: "[a] promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can

argues that Plaintiff's promissory estoppel claim fails because he has not adequately alleged that he relied on Defendant's promises to his detriment.

We agree with Defendant that the essential elements of promissory estoppel are not satisfied here because Defendant's promises did not induce any action or forbearance on Mr. Hillesheim's part in reliance thereon. *See* Restatement (Second) of Contracts § 90 (Am. Law Inst. 1981). In the Complaint, Plaintiff conclusively asserts that he "was relying on the payouts to cover his living expenses until his unemployment compensation kicked-in." Compl. ¶ 49. That is not enough. Plaintiff must be able to allege that he took or refrained from taking some action in reliance on Defendant's promises to pay him.

In Plaintiff's response brief wherein he discusses his breach of contract theory, Plaintiff states that as a result of Defendant's failure to pay him the amounts promised following his termination, he "had to forgo necessary medical and mental health appoint[ments] and incurred substantial debt." Pl.'s Resp. Def.'s Mot. Dismiss, at 5. These circumstances may qualify as detrimental in the colloquial sense, but the link is missing between Plaintiff's decisions to forego his treatments or incur debt based on a promise or other inducement by Defendant. Both the Complaint and Plaintiff's briefing make clear that these events experienced by him were simply the unfortunate consequences of his termination, rather than actions he was induced to take in reliance on Defendant's promises. Even if Plaintiff had been induced by Defendant to forgo his

---

be avoided only by the enforcement of the promise." *See, e.g.*, *Lyon Metal Products, Inc. v. Hagerman Construction Corp.*, 391 N.E.2d 1152, 1154 (Ind. Ct. App. 1979).

treatments and incur debts, his decisions to do so in reliance on Defendant's unilateral and unenforceable promises would not be reasonable.

Plaintiff urges the court to permit this promissory estoppel claim to survive the motion to dismiss on the grounds that it raises questions of fact for the jury to resolve. This contention implies that it is never appropriate for a court to resolve promissory estoppel claims as a matter of law, but that surely is not the case. *See Garwood Packaging, Inc. v. Allen & Co., Inc.*, 378 F.3d 698, 705 (7th Cir. 2004) (affirming summary judgment decision precluding recovery under the doctrine of promissory estoppel); *Hinterberger v. City of Indianapolis*, No. 1:16-cv-01341-SEB-MJD, 2019 WL 1439159, at *12-14 (S.D. Ind. March 30, 2019) (granting defendant's summary judgment motion on promissory estoppel claim); *McCalment v. Eli Lilly & Co.*, 860 N.E.2d at 896 (affirming trial court's decision to grant motion to dismiss on promissory estoppel claim). A bald assertion that Plaintiff "was relying on" Defendant's promises does not suffice to state a claim to relief, which inadequacy renders the claim implausible on its face. *See Twombly*, 550 U.S. at 557, 570. Because Plaintiff has not alleged that Defendant's promises induced him to take or refrain from taking any action in reliance thereon, Plaintiff's promissory estoppel claim must be dismissed.

### C.    Intentional Infliction of Emotional Distress

Finally, we address Plaintiff's intentional infliction of emotional distress claim. The Complaint alleges that "Defendant engaged in extreme and outrageous conduct by terminating Hillesheim" and that "Defendant unlawfully singled out, discriminated and

retaliated against Hillesheim" in the following ways: by refusing to honor its promises, by challenging Plaintiff's unemployment claim, and by making material misrepresentations to unemployment representatives "all for the purpose of completely cutting off Hillesheim's much-needed income stream." Compl. ¶¶ 55. Defendant challenges the adequacy of this claim on the grounds that the conduct of which it is accused was not sufficiently extreme or outrageous to support an intentional infliction of emotional distress claim under Indiana law. We agree with Defendant's argument, finding that Plaintiff has failed to allege sufficient facts to state a claim to relief on this theory that is plausible on its face.

In Indiana, to state a claim for intentional infliction of emotional distress, a plaintiff must plead that the defendant: "(1) engage[d] in extreme and outrageous conduct (2) which intentionally or recklessly (3) cause[d] (4) severe emotional distress to another." *Westminster Presbyterian Church of Muncie v. Yonghong Cheng*, 992 N.E.2d 859, 870 (Ind. Ct. App. 2013) (citation omitted). "The requirements to prove this tort are 'rigorous.'" *Id.* Indiana courts have quoted with approval the comments to the Restatement, Section 46, which describe just how rigorous this standard is:

> The cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous. It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the

11

community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

Restatement (Second) of Torts § 46 cmt. d (Am. Law Inst. 1965) (quoted in *Westminster Presbyterian Church of Muncie*, 992 N.E.2d at 870 (citation omitted)).

Defendant's conduct as alleged here does not approach the level of outrageousness required under Indiana law. "Historically, Indiana courts have not permitted [intentional infliction of emotional distress claims] based on employment relationships gone sour, finding the scenarios insufficiently extreme and outrageous to justify the tort as a matter of law." *See Carragher v. Ind. Toll Road Concession Co.*, 936 F. Supp. 2d 981, 993–94 (N.D. Ind. 2013); *see also McCreary v. Libbey-Owens-Ford Co.*, 132 F.3d 1159, 1167 (7th Cir. 1997) ("Indiana courts have been reluctant to award damages for intentional infliction of emotional distress in employment cases."). Terminating an employee and challenging an unemployment claim are at least frequent, if not ordinary actions in conducting a business; as such, it is far from what is required to prevail on an intentional infliction of emotional distress claim.[3]

Plaintiff's allegation of discrimination comes closer to stating a viable claim, but the Seventh Circuit has in the past affirmed the dismissal of an intentional infliction of emotional distress claim based on an alleged discriminatory termination similar to that

---

[3] For an example of the sort of outrageous conduct which Indiana courts have found gives rise to an intentional infliction of emotional distress claim in the employment context, *see Landis v. Landis*, 664 N.E.2d 754, 757 (Ct. App. Ind. 1996) ("He physically and verbally drove her out one day, with no corporate authority to do so, called her foul names, unspeakable in polite society, in front of the office employees, *kicked her in the stomach, and threatened to kill her if she ever returned*.") (emphasis added).

alleged here by Mr. Hillesheim based on the nearly identical legal standard under Illinois law. *See Van Stan v. Fancy Colours & Co.*, 125 F.3d 563, 569 (7th Cir. 1997) (affirming dismissal of intentional infliction of emotional distress claim based on allegations that the defendant terminated the plaintiff because of his disability and gave a pretextual reason for the termination).[4]

While false or misleading statements can sometimes constitute extreme or outrageous conduct, the conclusory allegation as set out in the complaint, to wit, that Defendant "made material misrepresentations to the unemployment representatives," (compl. ¶ 28(e)), is readily distinguishable from the conduct at issue in those cases. *Cf., e.g., Waldrip v. Waldrip*, 976 N.E.2d 102, 115–17 (Ind. Ct. App. 2012) (holding that allegations that the defendant falsely accused the plaintiff of criminal conduct, leading to a lengthy period of incarceration and which led the plaintiff to have reduced contact with his minor children and which charges the defendant attempted to use as leverage in child custody proceedings were sufficient to state a claim for intentional infliction of emotional distress under Indiana law). In summary, given the rigor of the Indiana statutory and precedential standards, Plaintiff's factual allegations fall well short of the required mark of plausibility. *See Twombly*, 550 U.S. at 570.

Mr. Hillesheim makes much of his familial relationship with Mr. Baker, citing it as singularly outrageous because, by virtue of that relationship, Mr. Baker knew Mr.

---

[4] Even if Defendant violated the ADA, the Restatement explains that "[i]t has not been enough that the defendant has acted with an intent which is tortious or even criminal." Restatement (Second) of Torts § 46 cmt. d.

Hillesheim to be a recovering alcoholic subject to suicidal inclinations and thus more severely affected by AndyMark's harsh and illegal actions than someone without those conditions might have been. In a case where, as here, the plaintiff alleges that the defendant "knows that a plaintiff is susceptible to emotional distress, we must determine whether an average member of the community would consider the defendant's conduct extreme and outrageous under all the circumstances of the case, including the defendant's knowledge of the plaintiff's susceptibility." *Van Stan v. Fancy Colours & Co.,* 125 F.3d at 569. We hold that even if AndyMark knew of Mr. Hillesheim's susceptibility to emotional distress, as Plaintiff alleges, Andymark's alleged conduct does not constitute the kind or level of outrageousness required by Indiana law to state a viable claim. This deficiency renders the claim for intentional infliction of emotional distress implausible on its face as a basis for relief. It must therefore be dismissed.

### III. Conclusion

For the reasons detailed above, we <u>GRANT</u> Defendants' Partial Motion to Dismiss [Dkt. 10] Plaintiff's three state law claims: breach of contract, promissory estoppel, and intentional infliction of emotional distress. Each of these claims is dismissed without prejudice.

IT IS SO ORDERED.

Date: _____7/6/2020_____         _____
                                          SARAH EVANS BARKER, JUDGE
                                          United States District Court
                                          Southern District of Indiana

Distribution:

Daniel LaPointe Kent
LAPOINTE LAW FIRM, P.C.
dkent@lapointelawfirm.com

Mary Jane Lapointe
LAPOINTE LAW FIRM PC
maryj@lapointelawfirm.com

Dana Eugene Stutzman
HALL, RENDER, KILLIAN, HEATH & LYMAN, PC (Indianapolis)
dstutzman@hallrender.com